Filed 2/14/14  P. v. Jordan CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARK LAMAR JORDAN,<br><br>    Defendant and Appellant. | D064290<br><br><br><br>(Super. Ct. No. SCD161993) |

APPEAL from a judgment of the Superior Court of San Diego County, David J. Danielsen, Judge.  Affirmed.

Mark Lamar Jordan, in pro. per.; and Michelle Rogers, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2002, a jury convicted Mark Lamar Jordan of attempted burglary. (Pen. Code,[1] §§ 664, 459.) In bifurcated proceedings, Jordan admitted he had suffered three prison priors, two felony priors and two strike priors. (§§ 667, subd. (a); 667.5, subd. (b); 668; 1192.7, subd. (c).) The court sentenced him to 25 years to life in state prison. In 2013, the court denied his motion for resentencing brought under section 1170.126, because his two prior felonies rendered him ineligible.

Appointed counsel has filed a brief summarizing the facts and proceedings in the trial court. Counsel presents no argument for reversal but asks that this court review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436. Pursuant to *Anders v. California* (1967) 386 U.S. 738, counsel refers to the possible but not arguable issue of whether the trial court erred in failing to grant the resentencing motion.

We granted Jordan permission to file a brief on his own behalf and he did, arguing for a reduced sentence because: (1) certain convictions should be stayed under section 654; (2) the judge's statements at sentencing, of which no transcript exists, favor the reduction; (3) his conviction was for attempted burglary; therefore, he should have been sentenced to only half of the total sentence imposed under section 664.

Our review of the entire record pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436 and *Anders v. California*, *supra*, 386 U.S. 738, including the possible issues referred to by appellate counsel and Jordan has disclosed no reasonably arguable appellate issues.

---

[1]    All statutory references are to the Penal Code.

DISPOSITION

The judgment is affirmed.

                                                           O'ROURKE, J.

WE CONCUR:

HUFFMAN, Acting P. J.

NARES, J.